UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TED A. McCRACKEN,

                           Plaintiff,

                v.                              5:08-CV-0520
                                                                 (DNH/GHL)

NINE MILE POINT NUCLEAR STATION, LLC, et al.,

                           Defendants.

APPEARANCES

TED A. McCRACKEN
Plaintiff *pro se*
15 Derry Drive
North Wales, Pennsylvania 19454

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

On May 19, 2008, *pro se* Plaintiff Ted A. McCracken filed a complaint alleging that he contracted thyroid cancer and other serious permanent accelerated degenerative disorders as a result of an incident at the Nine Mile Point Nuclear Station on August 31, 1991. Dkt. No. 1. For the reasons set forth below, I recommend that the Court *sua sponte* dismiss Plaintiff's Complaint for failure to prosecute the action and for failure to comply with an Order of the Court.

Rule 41 of the Federal Rules of Civil Procedure permits the Court to *sua sponte* dismiss a proceeding for failure to prosecute and/or failure to comply with a court order. Fed. R. Civ. P. 41(b).[1]

---

[1] Fed. R. Civ. P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant"); *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that, under the language of Fed. R. Civ. P. 41[b], a district court retains the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute) (citations omitted); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."); Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just . . . .").

As a result, Fed. R. Civ. P. 41(b) may be fairly characterized as providing for two independent grounds for dismissal: (1) a failure to prosecute the action, and (2) a failure to comply with the Federal Rules of Civil Procedure or a court order.

A.     **Failure to Prosecute**

It is within the trial judge's sound discretion to dismiss for want of prosecution.[2] The Second Circuit has identified five factors that it considers when reviewing a district court's order of dismissal for failure to prosecute under Fed. R. Civ. P. 41(b):

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.[3]

As a general rule, no single one of these five factors is dispositive.

With regard to the first factor, I note that Plaintiff filed his Complaint and application to proceed *in forma pauperis* nearly *one year ago* on May 19, 2008. Dkt. No. 1. On May 20, 2008, the Court granted Plaintiff's application to proceed *in forma pauperis* and directed the U.S. Marshal to serve Defendants. Dkt. No. 4 at 2. In a letter dated August 14, 2008, the U.S. Marshal notified Plaintiff that service attempts were unsuccessful. Dkt. No. 8 at 11. The U.S. Marshal also notified Plaintiff that if he "desire[d] this office to make any further attempt to serve," Plaintiff must provide written notification and submit new service forms, summonses, and copies of the complaint. *Id.*

On September 17, 2008, Plaintiff requested an 120-day extension of time in which to "serve the

---

[2] *See Merker v. Rice*, 649 F.2d 171, 173 (2d Cir. 1981).

[3] *See Shannon v. GE Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (affirming Fed. R. Civ. P. 41(b) dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) (citation and internal quotation marks omitted).

summons and complaint." Dkt. No. 10 at 1.  The Court granted Plaintiff's request.  Dkt. No. 11.

On January 15, 2009, Plaintiff requested a second 120-day extension or "alternately a sufficient amount of days."  Dkt. No. 12 at p. iv.  The Court extended the time in which Plaintiff must serve until February 23, 2009.  *See* 01/21/09 Text Order.

On March 25, 2009, the Court *sua sponte* issued an Order in which the Court noted that no documents required for service were received by the Clerk and no Defendant had been served.  Dkt. No. 13.  Mindful of the leniency a *pro se* litigant should be afforded, the Court directed Plaintiff either to serve Defendants or show cause why the undersigned should not recommend that the Complaint be dismissed within thirty days.  *Id.*

To date, Plaintiff has failed to submit the documents required for service and no Defendant has been served.  Thus, Plaintiff's failure has persisted for over nine months.

Regarding the second factor, I find that Plaintiff received adequate notice that the sort of delay that he has caused would result in dismissal.  For instance, the August 14, 2008 letter to Plaintiff from the U.S. Marshal states, "FAILURE TO COMPLETE SERVICE ON A DEFENDANT MAY RESULT IN A DISMISSAL OF YOUR COMPLAINT AGAINST THAT DEFENDANT."  Dkt. No. 8 at 11 (emphasis in original).

Also, in the Court's March 25, 2009 Order, which provided a thirty-day extension, Plaintiff was "**cautioned that no further such extensions will be granted [and was] reminded of the duty to diligently prosecute this action under Rule 41(b) of the Federal Rules of Civil Procedure, and Local Rule 41.2(a) of the Local Rules of Practice for this Court.**"  Dkt. No. 13 at 3 (emphasis in original).  Plaintiff was ordered to serve Defendants or show cause why the undersigned should not recommend that the Complaint be dismissed within thirty days.  *Id.*  Thus, Plaintiff received adequate

notice that further delay would result in dismissal.

Regarding the third factor, I find that Defendants are likely to be prejudiced by further delay. Plaintiff complains of an alleged incident that occurred on *August 31, 1991*. Dkt. No. 1. Further delay by Plaintiff may very well result in the fading of memories, the discarding of relevant documents, and the retirement or transfer of witnesses.[4]

Regarding the fourth factor, I have taken care to strike an appropriate balance between alleviating Court calendar congestion and protecting a party's right to due process and a fair chance to be heard. I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this matter. I am fully aware of Plaintiff's right to be heard on the allegations in his Complaint. However, I am also aware that (1) Plaintiff has already had an opportunity to be heard for *nearly one year*, and (2) the Court has previously afforded Plaintiff special solicitude due to his status as a *pro se* litigant. *See* Dkt. No. 11; 01/21/09 Text Order; Dkt. No. 13. Further special solicitude to Plaintiff would impermissibly burden the Court and unfairly tip the scales of justice against Defendants.

Regarding the fifth factor, I have considered less drastic sanctions and rejected them under the circumstances. For example, I am persuaded that *sua sponte* extending the time to serve yet again or simply waiting for Plaintiff to contact the Court would be futile, given the fact that the Court already extended the time to serve three times, and given the fact that Plaintiff last contacted the Court over four months ago.

For these reasons, I recommend that the Court *sua sponte* dismiss the Complaint with prejudice

---

[4] *See*, *e.g.*, *Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

for failure to diligently prosecute this action.

**B.     Failure to Comply with Court Order**

In the alternative, I find that Plaintiff's failure to comply with this Court's Order of March 25, 2009 (Dkt. No. 13) constitutes another, independent ground on which I base my recommendation of dismissal.  In that Order, the Court directed Plaintiff either to serve Defendants or show cause why the undersigned should not recommend that the Complaint be dismissed within thirty days.  Dkt. No. 13.  To date, no Defendant has been served and the Court has received no response from Plaintiff.

Federal Rule of Civil Procedure 41(b) provides that failure of a plaintiff to comply with any order of the court may subject an action to dismissal.  Fed. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 16(f) ("If a party . . . fails to obey a scheduling or pretrial order . . . the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just . . . .").

In the interest of brevity, I will only say that (1) the legal standard governing such a dismissal is virtually identical to the legal standard governing a dismissal for failure to prosecute,[5] and (2) I have weighed the five factors constituting that legal standard and find that they weigh decidedly in favor of dismissal, for the reasons stated above.  Thus, I recommend that the Complaint be dismissed for failure to comply with the Court's March 25, 2009 Order.

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be *sua sponte* **DISMISSED** **with prejudice** for failure to prosecute and for failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written

---

[5]     *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted).

objections to the foregoing Report-Recommendation. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 18, 2009
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge